IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CYNTHIA SCHNEIDER et al.,

    Plaintiffs,

  v.

STATE OF CALIFORNIA et al.,

    Defendants.
_____/

No. C 08-04987 CW

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

Plaintiffs move to remand this removed action to state court on the basis that the Court lacks subject matter jurisdiction. Defendants oppose the motion.[1] Having considered all of the papers filed by the parties, the Court GRANTS Plaintiffs' motion.

BACKGROUND

Plaintiffs are employees at San Quentin State Prison. In September, 2008, Plaintiffs filed a suit against Defendants in Marin County superior court alleging racial discrimination, retaliation, and other claims under California's Fair Employment and Housing Act and 42 U.S.C. § 1983. In October, 2008, Defendants removed the case to federal court on two grounds: (1) Plaintiffs' 42 U.S.C. § 1983 claim raised a federal question and (2) Defendant

---

[1] Plaintiffs did not file a reply.

Robert Sillen, as a former federal receiver, could not be sued in state court against his will under 28 U.S.C. § 1442(a) for acts done within the scope of his federal employment.[2]  On June 1, 2009, the parties attempted to resolve the case through Early Neutral Evaluation.  Those attempts failed and on September 30, 2009, Plaintiffs filed a second amended complaint omitting the § 1983 claims and Robert Sillen as a defendant.

## LEGAL STANDARD

Title 28 U.S.C. § 1447(c) provides that if, at any time before judgment, it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded.  28 U.S.C. § 1447(c).  On a motion to remand, the scope of the removal statute must be strictly construed.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id. (internal citation omitted).  Courts should resolve doubts as to removability in favor of remanding the case to state court.  Id.

## DISCUSSION

Plaintiffs argue that under 28 U.S.C. § 1447(c), the Court must remand their case to state court because Robert Sillen is no longer a defendant and there is no longer a federal question in their complaint.  However, as Defendants point out, federal

---

[2] Section 1442(a)(1) states that when "any officer . . . of the United States or of any agency thereof, [is] sued in an official or individual capacity for any act under color of such office" in state court, the officer may remove the civil action to federal court.  28 U.S.C. § 1442(a)(1)

2

jurisdiction is analyzed on the basis of the pleadings filed at the time of removal. Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). A "plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." Id. Federal courts have power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings. Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991). Whether a district court retains jurisdiction and adjudicates the pendent claims or remands them to state court is left to the district court's discretion. Id. In exercising its discretion, a federal court should consider the values of judicial economy, convenience, fairness and comity. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). When federal law claims drop out of a lawsuit in its early stages and only state law claims remain, the weighing of these factors indicates that a federal court should decline to exercise jurisdiction. Id.

Here, Plaintiffs' suit is in its early stages and contains state law claims only. Judicial economy, convenience, fairness and comity counsel that a state court hear Plaintiffs' claims. Defendants argue that the Court should retain jurisdiction because they have litigated in this forum in good faith and Plaintiffs have engaged in manipulative tactics by amending their complaint to avoid federal jurisdiction. A federal court may consider whether a plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. Id. at 356. However, the fact that Plaintiffs amended their complaint to remove their federal claims

3

1 does not qualify as a manipulative tactic that warrants the Court
2 retaining jurisdiction over the suit.  A plaintiff, as "master of
3 the complaint," may choose to have the cause heard in state court
4 by eschewing claims based on federal law.  <u>Caterpillar Inc. v.
5 Williams</u>, 482 U.S. 386, 398-99 (1987).  Besides the amendment of
6 the complaint, Defendants present no other evidence that Plaintiffs
7 have engaged in manipulative tactics or that remanding the case to
8 state court would not serve the basic values of fairness, comity,
9 convenience and judicial economy.

CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand this action to state court.  The Clerk shall remand the case to the superior court for Marin County.

IT IS SO ORDERED.

Dated: 11/6/09

_____
CLAUDIA WILKEN
United States District Judge